evidence as to justify the granting of a new trial. (See, also, *Adsit* v. *Wilson*, 7 How. Pr. 64, 66; *Smith* v. *Ætna Life Insurance Co.*, 49 N. Y. 211; *Mulligan* v. *N. Y. C. & H. R. R. R. Co.*, 33 N. Y. St. Repr. 534.)

It is manifest that the present is a strong case for setting aside the verdict. The contradiction of the plaintiff was not by the other party interested, but by a disinterested witness and by the letter of the plaintiff himself. It is impossible to say that this verdict is supported by a fair preponderance of the evidence. The contrary is plainly the case, and the motion for a new trial should have been granted, on that ground if no other.

LEWIS, J., concurred; HAIGHT, J., dissented.

Judgment and order appealed from reversed and new trial granted, costs to abide the event.

---

J. CLARENCE OSBURN, Appellant, *v.* CLARA DELAFIELD and Others, Respondents.

*Commission merchants — violation of instructions as to the price at which to sell goods.*

When a consignor of goods, for sale on commission, instructs the consignee to sell the goods at a price which will pay the consignee his advances, freight and commissions, and the consignee sells for a less price and draws for the difference, the consignor, who does not pay the draft, having sustained no loss by the violation of his instructions, cannot maintain an action against the consignee for the difference between the price as fixed by his instructions and the price at which the goods were sold.

APPEAL by the plaintiff, J. Clarence Osburn, from a judgment of the Supreme Court dismissing his complaint upon the merits, entered in the office of the clerk of Cayuga county on the 7th day of June, 1893, upon the report of a referee.

The action was brought to recover as damages the difference between the price at which the defendants sold a consignment of dried apples, consigned to them by the plaintiff for sale on commission, and the sum for which the plaintiff had authorized the apples to be sold.

*Louis E. Fuller,* for the appellant.

*E. M. Wells,* for the respondents.

DWIGHT, P. J. :

On the 24th of November, 1891, the plaintiff, at Port Byron, in Cayuga county, consigned to the defendants, commission merchants at New York city, 200 boxes of evaporated apples, to be sold for his account, and received from them an advance on the consignment of $500. The defendants also paid freight and other charges on the shipment, which, with their commissions on the sale, finally made, amounted to the sum of seventy-two dollars and seventy-five cents. The market for the goods seems to have been a falling market, and after some correspondence between the parties in respect to the price at which they should be sold, the plaintiff, finally, by the letter of April 12, 1892, consented to a sale of the apples — to quote the language of the letter — " at a price that will pay you what you have paid me and your freights and com."

On the twenty-eighth of April the defendants, without further communication with the plaintiff, sold the apples for a price less than that limited by the plaintiff's letter of April twelfth, and rendered to him an account of sales, which charged him with the amount advanced and interest, with freight and other charges, and with their commissions, and credited him with the amount received for the apples. The statement exhibited an apparent balance due them of $138.34, for which they drew on him at sight.

The plaintiff did not pay the draft, but he brought this action, in which he claimed to recover from the defendants the difference between the price limited by his letter of April twelfth and the price at which the apples were sold. Upon his own theory of the case, the action was ill-advised. He might have well rested content with his advantage and have permitted the defendants to bear the loss which they had themselves incurred by selling the consignment for less than their advance and expenses. Certainly the plaintiff had sustained no loss by the violation of his instructions, for he had already received, or had the benefit of the full price at which he had authorized the sale to be made, viz., the amount advanced by the defendants on receipt of the consignment and their expenses and commissions.

The facts above recited are found by the referee mainly as requested by the plaintiff, and his conclusions of law and direction for judgment are well founded thereon.

The judgment entered accordingly, must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.

---

HENRY OBERLIES, Respondent, *v.* BALTHASAR BULLINGER, Appellant.

*Building contract — arbitration — architect's certificates as to final payment — distinction between substantial and minor defects in the work — damages for delay.*

A contract for the carpenter work of a house, after providing that the owner might make any "alterations, deviations, additions or omissions" in the work or materials, the true value of which should be added to or deducted from the contract price, as the case might be, provided in a subsequent clause that "should any dispute arise as to the true value of the alterations, deviations, additions or omissions in the work or the materials hereby contracted for," the value in dispute should be determined by arbitration ;

*Held*, that the "alterations, deviations, additions or omissions" which were made the subjects of arbitration were those which the owner might make, and did not include shortcomings and defects resulting from the error or bad faith of the contractor;

And, hence, that proof of an arbitration or offer to arbitrate upon a defect resulting from the contractor's failure to fully comply with the contract and specifications, was not a condition precedent to the contractor's right of action against the owner for the unpaid balance of the contract price.

The contract also contained the following clause: "Eighty per cent of the value of the work executed will be paid from time to time as the work progresses, and the balance when the whole job has been completed and accepted. Payments made in accordance with the architect's certificates."

*Held*, that the wording of this clause did not make an architect's certificate that the work had been completed in full compliance with the contract and specifications a condition precedent to the contractor's right of action against the owner for the balance of the contract price withheld until the completion of the work;

That no final certificate of the architect could deprive the defendant owner of either a complete or partial defense to the contractor's action for the unpaid balance of the contract price — the former in case of a substantial failure on the part of the contractor to perform his contract, the latter in case of minor defects of performance for which compensation might be rendered in damages.

In such an action brought by the contractor to recover from the owner the unpaid balance of the contract price of the work, the question of the defendant's dam-